Nicholson, C. J.,
delivered the opinion of the Court.
Neely sued Luster in covenant for breach of warranty of soundness of a slave sold to him by Luster on the 13th of October, 1858. The suit was commenced in September 1865. Luster relied on the statute of limitations of six years.
The Circuit Judge charged the jury that when the statute of limitations commences to run it is not arrested by the occurrence of war and the closing of the courts thereby. The jury found for defendant, and plaintiff has appealed.
The only question in the case is, whether the occurrence of war and the consequent shutting up of the courts, so that suits can not be instituted or prosecuted, suspends the running of the statute of limita *355 tions in a case where it had commenced running before" the occurrence of the war. The cases referred to by counsel in vols. 6, 9, 10 and 11 of Wallace’s Reports, settle the question that as between citizens of the opposing belligerent countries the existence of war suspends the statute of limitations. This is the necessary result of international law, as affected by a state of war.
The reason is, that suits ■ can not be brought in the courts of one belligerent by citizens of the other belligerent. This reason applies with equal force to the case of a war which has shut up the courts of one of the belligerents and prevented parties from suing at all. By the statute every party has a specific time within which he has the right to sue before his claim is barred.
The necessary implication is, that during the specified period the courts are open in which he may sue. If they are closed by war and he can not sue, he is not thereby to be deprived of his rights for no fault of his own. This question is fully discussed in the case of Harrison v. Henderson, recently decided.
The charge below was erroneous and the judgment is reversed.